UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROGER MANDARELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   C.A. NO. _____ |
| | ) |
| BANK OF AMERICA, N.A.; | ) |
| FANNIE MAE AS TRUSTEE FOR | ) |
| REMIC TRUST 2004-W3, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1441 (DIVERSITY & FEDERAL QUESTION)**

Pursuant to 28 U.S.C. § 1441, Defendants Bank of America, N.A. ("BANA"), and Fannie Mae ("Fannie Mae") (collectively, "Defendants") hereby remove to this Court the state court action described below, on the basis of diverse citizenship and federal question. In support of this Notice, Defendants state:

1. On July 13, 2016, Plaintiff Roger Mandarelli ("Plaintiff") filed his Complaint in the Superior Court of Rhode Island, Providence County, entitled *Roger Mandarelli v. Bank of America, N.A. and Fannie Mae as Trustee for REMIC Trust 2004-W3*, No. PC-2016-3262 (the "Complaint" or "Compl."). Defendants first received a copy of the Complaint by service or otherwise on or about July 13, 2016.

2. The Complaint is based on alleged events related to residential property located at 4-6 Hemlock Court, Johnston, Rhode Island. (the "Property"). *See* Compl. ¶¶ 1, 5.

3. In compliance with 28 U.S.C. § 1146(a) and Local Rule 81, a copy of all "process, pleadings, and orders" served on or by Defendants is attached hereto as **Exhibit A**. A

certified copy of the state court record will be filed within 14 days of this notice pursuant to Local Rule 81.

## JURISDICTION AND VENUE

4. This action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff claims violations of federal law.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this District is the "district and division" embracing Providence County, Rhode Island. 28 U.S.C. § 120.

6. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of Rhode Island in Providence County, where this action is pending and will serve such notice on all other parties. 28 U.S.C. §§ 1446(a), (d).

## DIVERSITY JURISDICTION

A. **The Parties Are of Diverse Citizenship**

7. Based upon information and belief, Plaintiff is a resident of Providence County, Rhode Island. *See* Compl. ¶ 1.

8. Defendant BANA is a citizen of North Carolina under the rules for determination of the citizenship for national banking associations because North Carolina is the state where its main office is located, as provided in its articles of association. *See* 28 U.S.C. § 1348; *see also Hill v. Bank of Am. Corp.,* No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006)

(Bank of America, N.A. is a national banking association located in the state of North Carolina, as designated in its articles of association). Accordingly, BANA is a citizen of North Carolina.

9. Defendant Fannie Mae is a corporation chartered by the federal government with a principal place of business at 3900 Wisconsin Avenue, NW, Washington, D.C. 20016. 12 U.S.C. § 1717(a)(1) provides that Fannie Mae " shall maintain its principal office in the District of Columbia and shall be deemed, for purposes of venue in civil actions, to be a resident thereof."

10. Accordingly, complete diversity of citizenship exists between Defendants and Plaintiff.

B. **The Amount in Controversy Exceeds $75,000**

11. The amount in controversy with respect to Plaintiff's claims, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff seeks, among other things, declaratory judgment. *See* Compl. Prayer for Relief. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." (*Grotzke v. Kurz,* 887 F. Supp. 53, 55 (D.R.I. 1995) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). According to the Tax Assessor for the Town of Johnston, Rhode Island, the Property is assessed at $254,700.00. A copy of the printout from the Town of Johnston Tax Assessor is attached as **Exhibit B**. Therefore, the object of the litigation-and, thus, the amount in controversy-well exceeds $75,000.00.

FEDERAL QUESTION JURISDICTION

12. Pursuant to 28 U.S.C. §§ 1331 and 1441(a), any claim that arises under federal law may be removed. This action arises under federal law, and is subject to removal on the basis

of federal question jurisdiction, because Plaintiff claims Fannie Mae violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") by failing to "send the Plaintiff monthly mortgage statements as required by 15 U.S.C. §§ 1638 and 12 C.F.R. 1026.41." Compl. ¶¶ 49-50.  Plaintiff further claims "Defendant" is in violation of Regulation Z. Compl. ¶ 58.  Causes of action sounding in federal laws are sufficient to satisfy the requirements of removal pursuant to 28 U.S.C. § 1331. *See Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dep't of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009).  Removal, therefore is proper pursuant to this Court's arising under jurisdiction. 28 U.S.C. §§ 1331, 1441(a).

13.     The court may exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(a).

## RESERVATION OF RIGHTS

14.     In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

## CONCLUSION

15.     WHEREFORE, Defendants respectfully request the above-captioned action now pending in the Superior Court of Rhode Island, Providence County, be removed to the United States District Court for the District of Rhode Island, and that said District court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

HO:56441.1

                        BANK OF AMERICA, N.A., and FANNIE MAE,

                        Defendants,

                        By their Attorneys,

                        */s/ Dean J. Wagner*
                        Dean J. Wagner, Esq. (#5426)
                        SHECHTMAN HALPERIN SAVAGE, LLP
                        1080 Main Street
                        Pawtucket, RI 02860
                        (401) 272-1400
                        (401) 272-1403 Fax

Dated: August 9, 2016           dwagner@shslawfirm.com

## CERTIFICATE OF SERVICE

    I, Dean J. Wagner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on August 9, 2016.

                        */s/ Dean J. Wagner*
                        Dean J. Wagner