**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

**ROGER MANDARELLI**

    **VS**                           **C.A. NO.: 16-442S**

**BANK OF AMERICA, N.A.,
FANNIE MAE AS TRUSTEE
FOR REMIC TRUST 2004-W3**

## AMENDED COMPLAINT

Plaintiff, by his Attorney, complains of defendants as follows:

1.    Plaintiff Roger Mandarelli is a resident of the State of Rhode Island with an address of 4-6 Hemlock Court, Johnston, Rhode Island. Plaintiff owns said real estate located at 4-6 Hemlock Court, Johnston, Rhode Island with Joyce Mandarelli.

2.    Plaintiff executed a mortgage to Shamrock Financial Corporation on January 13, 2004.   A copy was attached to the original complaint.

3.    Defendant Federal National Mortgage Association as Trustee of Fannie Mae REMIC Trust 2004-W3 ("Fannie Mae Trust 2004-W3") claims to be the owner of Plaintiff's mortgage and note.

4.    Bank of America, N.A. ("BOA") is a national bank with a principal office in the State of North Carolina. It claims to be the owner of Plaintiff's mortgage and note.

5.    Bendett & McHugh, PC ("Bendett") on May 18, 2016, purportedly on behalf of BOA scheduled a foreclosure sale for Plaintiff's home on July 12, 2016 at 10:00 AM, as indicated by Exhibit B attached to the original complaint.

6.      Neither Bendett, BOA nor FCI nor Fannie Mae Trust 2004-W3 sent Plaintiff a notice pursuant to the provisions of paragraph 22 of Plaintiff's mortgage and have not accelerated the note.

7.      Before an acceleration of the loan was declared, the Lender was required to send Plaintiff a notice to my address which specified:

a.      the default;

b.      the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

c.      that failure to cure the default on or before the date specified in the Notice may result in the acceleration of the security instrument and sale of the property

d.      the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

8.      Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The  notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that  failure to cure the default on or before the date specified in the notice  may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not  cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies**

**provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall  mail a copy of a notice of sale to Borrower as provided in Section 15.  Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

9.      The provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

10.      Any alleged exercise of the statutory power of sale to Plaintiff was defective because a default notice was never sent as required by paragraph 22 of the mortgage and no acceleration notice was ever sent to Plaintiffs.

11.      No  default notice was not sent on behalf of the Lender consistent with the terms of the mortgage.

12.      No acceleration letter has been sent on behalf of the Lender.

13.      On November 17, 2015, Bank of America responded to a Request for Information and a Truth In Lending Request by the Plaintiff and advised the Plaintiff's attorney that the owner of the mortgage note and mortgage loan was Fannie Mae in its Capacity as Trustee on behalf of Fannie Mae REMIC Trust 2004-W3.  A copy of this letter was attached as Exhibit C to the original complaint

14.      On June 28, 2016, Bank of America responded to a Request for Information and a Truth In Lending Request by the Plaintiff and advised the Plaintiff's attorney that the owner of the mortgage note and mortgage loan was Fannie Mae in its Capacity as Trustee on behalf of Fannie Mae REMIC

Trust 2004-W3.  A copy of this letter was attached as Exhibit D to the original complaint.

15.    As a result the mortgage note has never been declared in default and has not been accelerated, which prohibits any party from exercising the statutory power of sale.

16.    Plaintiffs' attorney notified Defendants, through their attorney, Bendett,  of the failure to send Plaintiff a default notice or an  acceleration notice at any time. It has also been provided the two letters indicating that Fannie Mae as Trustee of Fannie Mae Remic Trust 2004-W3 owns the mortgage note and mortgage loan.  However the Defendants, through their attorney, Bendett, have not responded and sought to exercise the statutory power of sale.

17.    Defendant Bank of America does not own the Plaintiff's note or mortgage. The only party authorized to enforce this note and mortgage is Fannie Mae Trust 2004-W3.

18.    Since the note has not been declared in default nor accelerated, any alleged foreclosure will be void.

## COUNT I

## BREACH OF CONTRACT

19.    Paragraph 1-20 are incorporated by reference.

20.    Plaintiff has incurred damages and legal fees and costs for the prosecution of this action.

21.    The terms of the mortgage provide that the Lender must send notices of default and acceleration to the mortgagor prior to exercising the statutory power of sale.

22.    A default notice pursuant to the terms of the mortgage was not sent to the Plaintiff on behalf of Fannie Mae Trust 2004-W3 nor on behalf of any entity.

23.     As a result, this purported Notice of Sale was not valid since neither a default nor an acceleration of the mortgage loan has been declared by the lender or any other entity.

24.     A valid default letter from the lender is a precondition to the acceleration of the mortgage loan and the exercise of the statutory power of sale in the mortgage.

25.     The terms of the mortgage provide in paragraph 22, that a default letter must be sent prior to the acceleration of the mortgage note.

26.     The terms of the mortgage provide in paragraph 22 that the lender must notify the borrower that if the default is not cured within thirty days of receipt of the notice, that the lender may accelerate the mortgage note and exercise the statutory power of sale.

27.     Thus by the terms of the mortgage, the lender, or an entity acting on behalf of the lender or its assignee,   must send the mortgagor three documents in order to exercise the statutory power of sale.

28.     The first document which must be sent is a default notice sent by the lender or by a entity acting on behalf of the lender or its assignee.

29.     Plaintiff did not receive such a default letter as required by the terms of the mortgage from Bank of America acting on behalf of Fannie Mae Trust 2004-W3 or any other entity.

30.     If the alleged default is not cured within thirty days of receipt of the default notice, the lender,  or its assignee, is required to send the mortgagor an acceleration letter accelerating the entire amount of the mortgage note obligation.

31.     Plaintiff did not receive any acceleration letter at all from Bank of America, Fannie Mae Trust 2004-W3 or any acting on their behalf.

32.     Plaintiff has not received an acceleration indicating the amount of the loan balance, which had been accelerated.

33.     Only after the transmittal of the default letter and the acceleration letter could the lender or any loan servicer acting on its behalf send a Notice of Sale pursuant to the provisions of R.I.G.L. 34-27-4.

34.     The actions of Bank of America and Fannie Mae Trust 2004-W3 constitutes a breach of contract.

35.     Plaintiff has incurred damages as a result of this breach of contract.  His mortgage loan account has been charged fees for legal notices, mailing costs, legal fees and auctioneer costs. Plaintiff has incurred emotional distress from the invalid exercise of the statutory power of sale. He has been faced with the improper threat to remove him from his home without any basis.

36.     Plaintiff has incurred legal fees arising from this breach of contract.

WHEREFORE, Plaintiff demands Judgment for:

      a.     Damages for failure to comply with the terms of the mortgage.

      b.     Damages for legal fees and damages arising from the breach of contract.

      c.     Legal fees pursuant to R.I.G.L.§ 9-1-45.

                                           ROGER MANDARELLI

March 31, 2017                    By his Attorney

                                     /s/ John B. Ennis
                                     JOHN B. ENNIS, ESQ. #2135
                                     1200 Reservoir Avenue
                                     Cranston, Rhode Island 02920
                                     (401) 943-9230
                                     Jbelaw75@gmail.com

## COUNT II

## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

37.     Paragraphs 1- 36 are incorporated by reference.

38.     The mortgage contract between Plaintiff and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

39.     The mortgage contract in paragraph 22 incorporates the Rhode Island Statutory Power of Sale.

40.     The Statutory Power of Sale could only be invoked by sending Plaintiff the following documents:

      a.     A default letter pursuant to the term of the mortgage was required to be sent by the lender to the mortgagor.

      b.     A subsequent acceleration letter from the lender to the Plaintiff was required to be sent.

      c.     A Notice of Foreclosure was required to be sent pursuant to R.I.G.L. § 34-27-4 only after a default letter and acceleration letter had been sent to the mortgagors.

41.     Bank of America and Fannie Mae Trust 2004-W3 violated the covenant of good faith and dealing by scheduling a foreclosure  and  seeking to exercise the statutory power of sale without the lender having first sent  a default notice to the Plaintiff as required by the mortgage and without having sent the Plaintiff an acceleration letter.

42.     The failure to send a default letter and an acceleration letter as required by the mortgage contract were taken contrary to the contractual obligations of the parties.

43.     As a result of the Plaintiff has incurred the following damages:

    a.     He has incurred the cost of filing this action in the form of filing fees and service fee in order to seek to restrain the foreclosure, which was in violation of the terms of the mortgage.

    b.     He has incurred attorney fees and costs to obtain a Temporary Restraining Order to stop the illegal foreclosure.  His fee agreement with his attorney provides that he will be responsible for legal fees expenses incurred in regard to this action.

    c.     He has incurred emotional distress as a result of this improper exercise statutory power of sale.

44.    The conduct of Band of America and Fannie Mae Trust 2004-W3 is willful, wanton and reckless, warranting the imposition of punitive damages. These defendants ignored the language of the mortgage contract, but instead went forward and sought to foreclose without sending the basic notices required by the terms of the mortgage.

WHEREFORE, Plaintiff demands Judgment for actual damages, punitive damages, interest costs and attorney fees for the prosecution of this action against Bank of America and Fannie Mae Trust 2004-W3 jointly and severally and all other just and proper relief.

<table>
<tr><td></td><td>ROGER MANDARELLI</td></tr>
<tr><td>March 31, 2017</td><td>By his Attorney</td></tr>
</table>

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT III

**COMPLAINT  FOR INJUNCTIVE  RELIEF AND DAMAGES**

45.     Paragraph 1-44 are  incorporated by reference.

46.     Plaintiff has incurred damages and legal fees and costs for the prosecution of this action.

47.     Plaintiff is requesting that this Court Preliminarily and Permanently Restrain and Enjoin, Bank of America or Fannie Mae as Trustee of 2004-W3 Trust or any entity acting on its behalf from exercising the statutory power of sale until the Plaintiff is sent a default letter and acceleration pursuant to the terms of the mortgage.

WHEREFORE, Plaintiff demands that this Court Preliminarily and Permanently Restrain and Enjoin, Bank of America or Fannie Mae Trust 2004-W3 or any entity acting on its behalf from exercising the statutory power of sale until the Plaintiff is sent a default letter and acceleration pursuant to the terms of the mortgage and award Plaintiff legal fees for the prosecution of this action.

ROGER MANDARELLI

March 31, 2017                              By his Attorney


/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

9

## COUNT IV

## COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY FANNIE MAE TRUST 2004-W3'S FAILURE TO SEND THE PLAINTIFF A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638

48.     Paragraphs 1-47 are incorporated by reference.

49.     This is an action for damages brought by the Plaintiff, who is a consumer,  for Fannie Mae Trust 2004-W3's violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

50.     Specifically, Plaintiff seeks the remedies provided in TILA for Defendants' failure to send the Plaintiff monthly mortgage statements as required by 15 U.S.C. §§ 1638 and 12 C.F.R. 1026.41 respectively.

51.     This Court has jurisdiction pursuant to 15 U.S.C. §1640 to provide private remedies for failure to respond to provide a borrower monthly statements.  15 U.S.C. § 1640 provides for statutory damages of the type alleged in this Complaint to a range of not less than $400.00 nor greater than $4,000.00.  Jurisdiction is further conferred on this Court by 15 U.S.C. §1640(e).

52.     The Defendant, Bank of America is a National Bank that services residential mortgage loans.  Bank of America claims to be the servicer of the mortgage loan, which is the subject of this complaint

53.     Fannie Mae as Trustee for 2004-W3 trust is the owner of the mortgage note and mortgage loan.

54.      The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

55.     Plaintiff has not been sent a monthly statement in compliance with 12 C.F.R. 1026.41 since July 13, 2015 and in fact has received no

statements during that time. This failure to send statements has continued on an ongoing basis.

56.   Pursuant to 12 C.F.R. 1026.41, the loan servicer on behalf of the creditor, Fannie Mae as Trustee for 2004-W3 Trust was required to send the Plaintiff a monthly mortgage statement that provides the following information:

(**d**)  ***Content and layout of the periodic statement.***  The periodic statement required by this section shall include:
(**1**)  ***Amount due.***  Grouped together in close proximity to each other and located at the top of the first page of the statement:
(**i**)  The payment due date;
(**ii**)  The amount of any late payment fee, and the date on which that fee will be imposed if payment has not been received; and
(**iii**)  The amount due, shown more prominently than other disclosures on the page and, if the transaction has multiple payment options, the amount due under each of the payment options.
(**2**)  ***Explanation of amount due.***  The following items, grouped together in close proximity to each other and located on the first page of the statement:
(**i**)  The monthly payment amount, including a breakdown showing how much, if any, will be applied to principal, interest, and escrow and, if a mortgage loan has multiple payment options, a breakdown of each of the payment options along with information on whether the principal balance will increase, decrease, or stay the same for each option listed;
(**ii**)  The total sum of any fees or charges imposed since the last statement; and
(**iii**)  Any payment amount past due.
(**3**)  ***Past Payment Breakdown.***  The following items, grouped together in close proximity to each other and located on the first page of the statement:
(**i**)  The total of all payments received since the last statement, including a breakdown showing the amount, if any, that was applied to principal, interest, escrow, fees and charges, and the amount, if any, sent to any suspense or unapplied funds account; and
(**ii**)  The total of all payments received since the beginning of the current calendar year, including a breakdown of that total showing the amount, if any, that was applied to principal, interest, escrow, fees and charges, and the amount, if any, currently held in any suspense or unapplied funds account.
(**4**)  ***Transaction activity.***  A list of all the transaction activity that occurred since the last statement. For purposes of this paragraph (d)(4), *transaction*

*activity* means any activity that causes a credit or debit to the amount currently due. This list must include the date of the transaction, a brief description of the transaction, and the amount of the transaction for each activity on the list.

**(5)** *Partial payment information.* If a statement reflects a partial payment that was placed in a suspense or unapplied funds account, information explaining what must be done for the funds to be applied. The information must be on the front page of the statement or, alternatively, may be included on a separate page enclosed with the periodic statement or in a separate letter.

**(6)** *Contact information.* A toll-free telephone number and, if applicable, an electronic mailing address that may be used by the consumer to obtain information about the consumer's account, located on the front page of the statement.

**(7)** *Account information.* The following information:

**(i)** The amount of the outstanding principal balance;

**(ii)** The current interest rate in effect for the mortgage loan;

**(iii)** The date after which the interest rate may next change;

**(iv)** The existence of any prepayment penalty, as defined in§ 1026.32(b)(6)(i), that may be charged;

**(v)** The Web site to access either the Bureau list or the HUD list of homeownership counselors and counseling organizations and the HUD toll-free telephone number to access contact information for homeownership counselors or counseling organizations; and

**(8)** *Delinquency information.* If the consumer is more than 45 days delinquent, the following items, grouped together in close proximity to each other and located on the first page of the statement or, alternatively, on a separate page enclosed with the periodic statement or in a separate letter:

**(i)** The date on which the consumer became delinquent;

**(ii)** A notification of possible risks, such as foreclosure, and expenses, that may be incurred if the delinquency is not cured;

**(iii)** An account history showing, for the previous six months or the period since the last time the account was current, whichever is shorter, the amount remaining past due from each billing cycle or, if any such payment was fully paid, the date on which it was credited as fully paid;

**(iv)** A notice indicating any loss mitigation program to which the consumer has agreed, if applicable;

**(v)** A notice of whether the servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, if applicable;

(**vi**)  The total payment amount needed to bring the account current; and
(**vii**)  A reference to the homeownership counselor information disclosed pursuant to paragraph (d)(7)(v) of this section.

57.    None of these statements have been sent to the Plaintiff, inconformity with Regulation Z since July 13, 2015. In fact no statements have been sent to the Plaintiff since he commenced this litigation.

58.    The Plaintiff has been charged advertising costs of $2269.32 and mailing costs of $78.54 relating to an advertised foreclosure sale on his mortgage loan account which was charged to the mortgage loan account on May 21, 2015.  These charges were not appropriate due to the fact that the consumer was not provided a mediation notice pursuant to R.I.G.L. 34-27-3.2.

59.    This charge has been included in all statements sent to the consumer by Bank of America.

60.    As a result of this failure to comply with 12 C.F.R. 1026.41 and TILA, Defendant, Fannie Mae as Trustee for 2004-W3 Trust is liable for actual damages and statutory damages of up to $4,000.00 for each of the statements, which were either not sent to the Plaintiff since July 13, 2015 or were not accurate and not in conformity with 12 C.F.R. 1026.41 and TILA.

61.    The Plaintiff has incurred actual damages, costs and legal fees in regard to this action:

a.    He has incurred costs for gasoline to visit their attorney on at least five occasions, driving to his attorney's office for a round trip totaling 8 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.    He has incurred postage costs, copying costs and stationary and envelope costs for transmission to the Defendant.

c.    He has incurred attorney fees and costs for the prosecution of this action. His fee agreement with their attorney provides that they will be responsible for legal fees expenses incurred in regard to this action.

WHERFORE, Plaintiff demands Judgment against Fannie Mae as Trustee for 2004-W3 Trust for statutory damages of at least $4,000.00, for each failure to send a monthly mortgage statement in conformity with TILA since July 12, 2015 plus actual damages, plus attorney fees and costs and all other just and proper relief.

ROGER MANDARELLI

March 31, 2017                                    By his Attorney


/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com


## COUNT IV

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY FANNIE MAE TRUST 2004-W3'S FAILURE TO SEND THE PLAINTIFF AN ACCURATE PAYOFF STATEMENT PURSUANT TO THE PROVISIONS OF  15 U.S.C. 1639**


62.     Paragraphs 1-61 are incorporated by reference.

63.     This is an action for damages brought by the Plaintiff, who is a consumer,  for Fannie Mae Trust 2004-W3's violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

14

64.     Specifically, Plaintiff seeks the remedies provided in TILA for Defendants' transmission to the Plaintiff of an inaccurate payoff statement dated July 11, 2016 in violation of 15 U.S.C. § 1639.

65.     This Court has jurisdiction pursuant to 15 U.S.C. §1640 to provide private remedies for providing an inaccurate payoff statement to the borrower.  15 U.S.C. § 1640 provides for statutory damages of the type alleged in this Complaint to a range of not less than $400.00 nor greater than $4,000.00.  Jurisdiction is further conferred on this Court by 15 U.S.C. §1640(e).

66.     The Defendant, Bank of America is a National Bank that services residential mortgage loans.  Bank of America claims to be the servicer of the mortgage loan, which is the subject of this complaint

67.     Fannie Mae as Trustee for 2004-W3 trust is the owner of the mortgage note and mortgage loan.

68.      The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

69.     On or about July 11, 2016 Defendant Bank of America on behalf of the owner of the mortgage note sent the Plaintiff a payoff statement through its attorney, Eva Massimino of the law firm of Bendet & McHugh.

70.     This statement erroneously stated that the Plaintiff owed the following amounts:
$575.00 in property inspection/ preservations
An escrow balance due of $49,956.88
Additional fees and costs of $2197.23
Legal fees/costs through July 11, 2016 of $2758.22

71.     These fee included charges for an attempted 2015 foreclosure without a mediation notice having been sent to the Plaintiff and legal fees for the attempted 2016 sale.

72.     The fees charge were neither reasonable nor necessary and were not legally incurred as indicated in this complaint.

73.     As a result of this failure to comply with TILA, Defendant, Fannie Mae as Trustee for 2004-W3 Trust is liable for actual damages and statutory damages of up to $4,000.00 for this inaccurate payoff statement which was sent to the Plaintiff.

74.     The Plaintiff has incurred actual damages, costs and legal fees in regard to this action:

   a.      He has incurred costs for gasoline to visit his attorney on at least five occasions, driving to his attorney's office for a round trip totaling 8 miles.  The IRS standard mileage allowance provides for .56 per mile.

   b.      He has incurred postage costs, copying costs and stationary and envelope costs for transmission to the Defendant.

   c.      His mortgage loan account has been charged improper charges.

   d.      He has incurred attorney fees and costs for the prosecution of this action. His fee agreement with their attorney provides that they will be responsible for legal fees expenses incurred in regard to this action.

   WHERFORE, Plaintiff demands Judgment against Fannie Mae as

Trustee for 2004-W3 Trust for statutory damages of at least $4,000.00, for

sending an inaccurate payoff statement in violation of  TILA plus actual

damages,  attorney fees and costs and all other just and proper relief.

ROGER MANDARELLI

March 31, 2017                              By his Attorney


/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT V

## VIOLATIONS OF REGULATION X AND REGULATION Z

75.     Paragraphs 1-74 are incorporated by reference.

76.     This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB).  This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601 et. seq.  ("TILA").

77.     This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

78.     Bank of America, N.A. performs its mortgage loan servicing business under the name of Bank of America Home Loans ("BOAHL"). Bank of America, N.A.  d/b/a BOA is the current servicer of a Promissory Note and Deed of Trust on the Plaintiff's residential real estate.

79.     In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

80.     Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act  (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z)(February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

81.     The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

82.     The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

83.     The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

84.     On or about May 22, 2015, the Plaintiff sent a written notice of error to the Defendant that included Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

85.     The Notice of Error was mailed by certified mail, return receipt requested, having an article number  70141820000087745639.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

86.     The Notice was received by the Defendant on May 26, 2015.

87.     The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had added legal fees, advertising costs and other improper fees relating to an attempted foreclosure of Plaintiff's home

without sending the Plaintiff a Notice of Mediation pursuant to R.I.G.L 34-27-3.2.

88.     Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than July 7, 2015.

89.     Defendant did not respond within thirty business days. When it did respond on June 17, 2015 and July 16, 2015, it failed to correct the error. It refused to remove any fees for the May 22, 2015 foreclosure.  These fees include the following fees, which it refused to remove from the mortgage loan account:

May 7, 2015 Mailing fee of $39.27
May 7, 2015 Title fee of $75.00
May 21, 2015 Advertising Fee of $2269.32
May 21, 2015 Mailing Fee of $78.54

90.     The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or crreoct the error as indicated in this complaint.

91.     As a result of this lack of compliance by the Defendant, Bank of America is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error.

92.     The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.      He has incurred costs for gasoline to visit his attorney on at least five occasions, driving to his attorney's office for a round trip totaling 19.8  miles.  The IRS standard mileage allowance provides for .56 per mile.

b.      He has had to incur the expense of using electricity to recharge his cell phone to call and receive calls from his attorney.

c.      He has incurred postage and copying costs in transmitting this Notice of Error.

d.     His mortgage loan account has been improperly charged $2462.13 in May 2015, which has not been corrected.

e.     He has incurred attorney fees and costs for the prosecution of this action. His fee agreement with his attorney provides that he will be responsible for legal fees expenses incurred in regard to this action.

93.     The Plaintiff has demonstrated through the failure of the Defendant to correct any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Notices of Error.

94.     The failure of the Defendant to correct the Notices of Error in this case establish that the pattern and practice of Bank of America to ignore this type of  Regulation X Notices of Error.

95.     Bank of America has a pattern and practice of failing to correct mortgage loan statements arising from the commencement of foreclosures in Rhode Island without mediation between October 6, 2014 and July 8, 2015.

96.     On or about June 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

97     The Notice of Error was mailed by certified mail, return receipt requested, having an article number  70141820000087746599.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a notice of error as provided for by 12 CFR § 1024.35.

98.     The Notice was received by the Defendant on June 8, 2015.

99.     The Plaintiff's Notice of Error referenced the failure to correct errors in a Payoff statement sent to the Plaintiff on May 28, 2015 , which Plaintiff contended contained inaccurate fees and expenses.

100.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt

of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than July 14, 2015.

101.   When Defendant responded on June 17, 2015 and July 16, 2015, it failed to correct the error. It refused to remove any fees for the May 22, 2015 foreclosure.  These fees include the following fees, which it refused to remove from the mortgage loan account:

> May 7, 2015 Mailing fee of $39.27
> May 7, 2015 Title fee of $75.00
> May 21, 2015 Advertising Fee of $2269.32
> May 21, 2015 Mailing Fee of $78.54

102.   In its  responses it also refused to remove $470.00 for improperly charged property inspection fees, which were neither reasonable nor necessary due to the fact that it was aware that the consumer resided in the home and due to the fact that these fees were not actually paid to the alleged vendor.

103.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to properly respond to Notices of Error as indicated in this complaint.

104.   As a result of this lack of compliance by the Defendant, Bank of America is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct this error.

105.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.   He has incurred costs for gasoline to visit his attorney on at least five occasions, driving to his attorney's office for a round trip totaling 19.8  miles.  The IRS standard mileage allowance provides for .56 per mile.

b.   He has had to incur the expense of using electricity to recharge his cell phone to call and receive calls from his attorney.

c.   He has incurred postage and copying costs in transmitting this Notice of Error.

d.     His mortgage loan account has been improperly charged improper fees as indicated in the Notice of Error which has not been corrected.

e.     He has incurred attorney fees and costs for the prosecution of this action. His fee agreement with his attorney provides that he will be responsible for legal fees expenses incurred in regard to this action.

106.   The Plaintiff has demonstrated through the failure of the Defendant to correct any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Notices of Error.

107.   The failure of the Defendant to correct the Notices of Error in this case establish that the pattern and practice of  Bank of America to ignore this type of  Regulation X Notices of Error.

108.   Bank of America has exhibited a pattern and practice of failing to correct mortgage loan statements arising from the commencement of foreclosures in Rhode Island without mediation between October 6, 2014 and July 8, 2015 and which include improper charges for property inspections each month without regard to its knowledge that the consumer is residing in the property.

109.   On or about June 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

110.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number  70141820000087746483.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

111.   The Notice was received by the Defendant on June 8, 2015.

112.   The Plaintiff's Notice of Error referenced Bank of America's error in indicating that the Plaintiff was not eligible for a loan modification due to the fact that Fannie Mae REMIC Trust 2004-W3 did not give Bank of America contractual authority to modify this loan.

113.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than July 14, 2015.

114.   When Defendant  responded on June 19, 2015 ,  it failed to correct the error. It refused to respond to the Notice of Error and merely referenced the original denial of the loan modification by referencing the original letter denying the loan modification, which had been attached to the Notice of Error. It did not indicate that it had reviewed the error nor did it correct the error.

115.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to properly respond to Notices of Error as indicated in this complaint.

116.   As a result of this lack of compliance by the Defendant, Bank of America is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct this error.

117.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.      He has incurred costs for gasoline to visit his attorney on at least five occasions, driving to his attorney's office for a round trip totaling 19.8  miles.  The IRS standard mileage allowance provides for .56 per mile.

b.      He has had to incur the expense of using electricity to recharge his cell phone to call and receive calls from his attorney.

c.      He has incurred postage and copying costs in transmitting this Notice of Error.

d.     He has incurred attorney fees and costs for the prosecution of this action. His fee agreement with his attorney provides that he will be responsible for legal fees expenses incurred in regard to this action.

118.   The Plaintiff has demonstrated through the failure of the Defendant to correct any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Notices of Error.

119.   The failure of the Defendant to correct the Notices of Error in this case establish that the pattern and practice of Bank of America to ignore this type of  Regulation X Notice of Error.

120.   Bank of America has exhibited a pattern and practice of failing to correct errors relating to loss mitigation denials.

121.   On or about June 17, 2016, the Plaintiff sent a written notice of error to the Defendant that included Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

122    The Notice of Error was mailed by certified mail, return receipt requested, having an article number  9414810200793041454288.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

123.   The Notice was received by the Defendant on June 21, 2016.

124.   The Plaintiff's Notice of Error referenced failure to correct an error by advertising a foreclosure sale for the consumer's property  without having sent the consumer a default letter pursuant to the terms of the mortgage, followed by an acceleration letter pursuant to the terms of the mortgage before commencing any advertising for a foreclosure sale pursuant to the exercise of the statutory power of sale, thus charging unreasonable and unnecessary fees and costs to the Plaintiff's mortgage loan account.

125.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt

of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than August 2, 2016.

126.   When Defendant responded  on June 28, 2016, it failed to correct the error. It refused to remove any fees incurred in the 2016 foreclosure attempt.   It did not investigate the error, but instead suggested that the consumer contact its foreclosure counsel Bendett & McHugh, PC by telephone.

127.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to properly respond to Notices of Error as indicated in this complaint.

128.   As a result of this lack of compliance by the Defendant, Bank of America is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct this error.

129.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.      He has incurred costs for gasoline to visit his attorney on at least five occasions, driving to his attorney's office for a round trip totaling 19.8  miles.  The IRS standard mileage allowance provides for .56 per mile.

b.      He has had to incur the expense of using electricity to recharge his cell phone to call and receive calls from his attorney.

c.      He has incurred postage and copying costs in transmitting this Notice of Error.

d.      His mortgage loan account has been improperly charged improper fees as indicated in the Notice of Error which has not been corrected.

e.      He has incurred attorney fees and costs for the prosecution of this action. His fee agreement with his attorney provides that he will be responsible for legal fees expenses incurred in regard to this action.

130.   The Plaintiff has demonstrated through the failure of the Defendant to correct any of  the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to Notices of Error.

131.   The failure of the Defendant to correct the  Notices of Error in this case establish that the pattern and practice of  Bank of America to ignore this type of  Regulation X Notices of Error.

132.   Bank of America has exhibited a pattern and practice of failing to correct mortgage loan charges arising from exercising the statutory power of sale without a proper default notice and without an acceleration notice.

WHEREFORE, Plaintiff demands judgment for actual damages plus statutory damages of $2,000.00 per violation for each of the enumerated regulation X  violations,  plus attorney fees and costs.

ROGER MANDARELLI
By his Attorney

March 31, 2017

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
Jbelaw75@gmail.com

Plaintiff demands a Trial by Jury