UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROGER MANDARELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. NO. 1:16-cv-00442-S-LDA |
| | ) | |
| BANK OF AMERICA, N.A.; | ) | |
| FANNIE MAE AS TRUSTEE FOR | ) | |
| REMIC TRUST 2004-W3, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BANK OF AMERICA, N.A.'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 33 Defendant Bank of America, N.A.

("BANA") propounds the following Interrogatories on Plaintiff Roger Mandarelli. You are

instructed to produce answers and documents to Attorney John H. McCann at Shechtman

Halperin & Savage LLP, 1080 Main Street, Pawtucket, RI 02860 within 45 days of service, per

Rule 33(a)(3).

**DEFINITIONS AND INSTRUCTIONS**

For the purposes of these Interrogatories, the following terms have the meanings given

below.

1.      "Plaintiff," "you," or "your" shall mean Plaintiff Roger Mandarelli and any

person (including attorneys) acting, or purporting to act, on your behalf.

2.      "BANA" shall mean Defendant Bank of America, N.A., as well as its

predecessors (including BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans

Servicing LP), parents (including Bank of America Corporation), subsidiaries, employees, agents, or other persons acting or purporting to act on their behalf.

3.      "Defendants" shall mean all named defendants in this action.

4.      This "action," this "litigation," or this "case" refers to the litigation styled *Roger Mandarelli v. Bank of America, N.A. et al.*, No. 16-cv-00442-S-LDA, United States District Court for the District of Rhode Island, and all claims and counterclaims asserted therein.

5.      The "Complaint" refers to the Complaint filed in this action (subsequently removed) on or about July 13, 2016 by Plaintiff.

6.      The "Property" refers to the residence at 4-66 Hemlock Court, Johnston, Rhode Island.

7.      The "Mortgage" refers to the mortgage on the Property executed by Plaintiff and Joyce Mandarelli on January 13, 2004 and recorded in the Johnston Land Evidence Records in Book 1349, Page 260.

8.      The "Note" means the January 13, 2004 promissory note executed by Plaintiff for the principal sum of $160,000.00 and secured by the Mortgage on the Property.

9.      The "Loan" means the mortgage loan evidenced by the Note and Mortgage and secured by the Property.

10.      Document" means the full breadth of discoverable material under Federal Rule of Civil Procedure 34, including written materials, electronically stored information and tangible things.  Document includes, but is not limited to, any written, printed, typed or other graphic material of any kind or nature, all mechanical or electronic sound or video recordings or transcripts thereof, letters, notes, contracts, proposals, memoranda, reports, minutes or records of meetings or conversations of any kind, orders, calendar or diary entries, journals, statistics,

statements, publications or articles, transcripts, manuscripts, summaries, circulars, notebooks, books, pamphlets, bulletins, manuals, speeches, drawings, blue-prints, as well as any information or material stored in electronic, mechanical, or magnetic media, such as text or SMS messages, tapes, computer or floppy disks, Jazz disks, ZIP disks, portable storage drives, microfilms, electronic mail, archived or deleted electronic mail, log files, CD-ROMs, personal data organizers, network share drives, flash drives, electronic mirror-images of hard drives, and any information stored on the hard drive of any computer, and any drafts.  Document also refers to revisions, amendments, and reproductions by whatever means of the above that differ in any way from the original.

11.     "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person to person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, text message, or otherwise, and including without limitation any printed, typed, handwritten or other readable Document and any tape recording, correspondence, memorandum, report, contract, diary, logbook, minutes, note, study, survey, or forecast.

12.     "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association, and any other organization.

13.     "Identify" means, when used with reference:

    c.  a Person (as defined above), to state his, her or its:

        v.     full name;

        vi.    job title or position and employer, if applicable;

        vii.   last known address and telephone number; and

        viii.  any familial or marital relationship to Plaintiff, if applicable.

    d.  a <u>Document,</u> to state sufficient identifying details to allow for its identification upon production including:

        i.    the author (and, if different, signer);

        ii.   the type of Document (*e.g.*, memorandum, employment application, letter, e-mail, etc.) or some other means of recognizing it;

        iii.  any date(s) associated with the Document (*e.g.*, sent date, creation date, etc.);

        iv.  its subject matter; and

        v.   if any such Document was, but is no longer, in your possession, custody or control, why you no longer have such Document, and the last date you had such Document.

14.     "Relating to" or "related," "concern" or "concerning," or "refer to" or "referring to" shall mean directly or indirectly mentioning, evidencing, constituting, discussing, detailing, reflecting, assessing, evaluating, recording, describing, pertaining to, directing attention to, connecting with, utilizing in connection therewith, or reflecting upon a stated subject matter.

## INTERROGATORIES

1.     Identify all persons likely to possess documents or information relevant to any facts or claims alleged in the Complaint.

2.     For each person identified in response to Interrogatory No. 1, above:

    a.   describe the fact(s) and/or claim(s) respective to which that person has documents or information, and

    b.   identify the nature of the document(s) or information possessed.

3.      Identify each and every individual who occupied or has had access to the Property beginning January 13, 2004 to present.

4.      For each person identified in response to Interrogatory No. 3, above:

      a.      Identify their relationship to you, and

      b.      Identify the time period in which they occupied and/or had access to the property.

5.      Please describe with particularity the process for collection of mail at the Property, its review, and how received mail is retained.

6.      Identify all manners in which you receive or received notices related to the Loan beginning January 13, 2004 through present, including whether you have electronic access to such notices, and your retention policies for any documents or things received related to the Loan.

7.      Identify each current or former employee of BANA (including BAC employees), the originating lender, and any other defendant, with whom you communicated concerning Loan payments (including the payment or non-payment thereof), modification attempts, and foreclosure; describe the substance of each such communication; and identify all documents or tangible evidence that relate to those communications.

8.      Identify the date and amount of every payment you have made on the Loan since January 13, 2004, including any payment that was declined by any of the Defendants or their predecessors.

9.      Identify all actions from December 1, 2009 to present that you or any others on your behalf took to cure any default on the Loan, including identifying and describing the substance of any communications with anyone at any of the Defendants or their predecessors.

10.    Identify each piece of correspondence you received, including the sender and date of receipt, from any defendant to this action concerning default on the Loan, acceleration of the debt owed on the Loan, foreclosure of the Mortgage, loan modification, or loss mitigation efforts.

11.    Identify each document used in any manner to prepare or assist in preparing answers to any of these Interrogatories, and for each such document, identify the particular Interrogatory answers for which it was used.

12.    Identify all persons you intend to call as a witness at trial.

13.    Describe the property and its uses, including but not limited, the number of units and occupants from the time period of January 13, 2004 to current.

14.    For each expert, if any, that you intend to call at trial in this action, state the following:

        a.    the expert's name, address, and professional qualifications;

        b.    the subject matter on which the expert is expected to testify;

        c.    the substance of the facts and opinions to which the expert is expected to testify; and

        d.    the grounds for each such opinion.

15.    With respect to Plaintiff's claims for damages, state the full amount of damages that you seek and describe the manner in which the amount was calculated.  Your answer should identify: (a) each element of damage or component of damages that you seek; (b) the amount sought for each element or component; (c) the manner in which each element or component of the calculation was determined; (d) all documents supporting, referring to or relating to each such calculation; and (e) all facts upon which you contend that you are entitled to an award of

each type of asserted damages.

16.     State the factual basis for your claim that the Mortgage and Note have never been

declared in default and has not been accelerated.

17.     State the factual basis for your claim that the "only party authorized to enforce the

Note and Mortgage is Fannie Mae Trust 2004-W3."


BANK OF AMERICA, N.A.,

Defendant,

By its attorneys,

 */s John H. McCann*
John H. McCann, Esq. #2947
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)
jmccann@shslawfirm.com

## CERTIFICATE OF SERVICE

I, John H. McCann, hereby certify that the foregoing document has been served on the
below parties this 3rd of March, 2017 via first-class mail:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920

*/s/ John H. McCann*
John H. McCann